UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| SUSAN BARNETTE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 10-77-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| GRIZZLY PROCESSING, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

According to television shows and movies, justice in the courtroom often hinges on last-minute surprises.  The defendant's only alibi witness changes his testimony on the stand. A plaintiff's attorney asks an unexpected question on cross-examination that forces the defendant to break down and confess in front of the jury.  And right before the prosecution rests on a weak case, the courtroom doors burst open, and police detectives walk in with newly discovered evidence in hand.

But the outcomes of trials almost never depend upon such unexpected developments. Rules exist to ensure that the parties have a thorough opportunity to learn about, investigate, and prepare for all of the other side's evidence long before the jurors are seated.  And if a party's failure to turn over evidence to the other side is not substantially justified or harmless, then the rules prohibit the party from using that evidence at trial.  Fed. R. Civ. P. 37(c)(1). That is precisely what happened here.  Now the Plaintiffs—who did not turn over hundreds of photographs and coal dust samples before trial—want to reopen discovery to correct their mistake.  Nothing in this case, however, authorizes this sort of time travel back to the

discovery stage.  Consequently, the Court denied the Plaintiff's request to reopen discovery.  R. 349 at 1.

## BACKGROUND

This is a new episode in a well-established story.  *See Barnette v. Grizzly Processing, LLC*, 809 F. Supp. 2d 636, 640 (E.D. Ky. 2011).  Briefly, the Plaintiffs in this case all live near a coal screening plant in Banner, Kentucky.  The Plaintiffs claim that coal dust and noise from the Banner Plant began to interfere with their ability to use and enjoy their properties.  R. 17 at 7.  They sued the two companies that have operated the Banner Plant since the problems allegedly began in 2006: Grizzly Processing, LLC, and Frasure Creek Mining, LLC.  *Id.*  After several rounds of summary judgment, *see* R. 153; R. 165, the remaining Plaintiffs were left standing with assault and battery claims for nominal damages, trespass claims, and nuisance claims, *accord* Bellwether Information Chart, R. 168-1.

Because of the number of Plaintiffs, the Court divided the case into five trials.  *See* R. 168; R. 172.  At the first trial, the Defendants relied on a common theme: that there was no photographic evidence of any coal dust damage to the Plaintiffs' houses.  *See, e.g.*, R. 276 at 76, 77–78.  The jury returned a verdict in favor of the Defendants on all of the claims.  R. 260.  To remedy this deficiency for the second trial, the Plaintiffs tried to introduce several hundred photographs of the damage to their houses as well as samples of coal dust from their properties.  *See* R. 278 at 3–23.  Because they had not disclosed this evidence to the Defendants during discovery, though, the Court prohibited the Plaintiffs from introducing it at trial.  R. 322 at 4, 11, 13; R. 330.  During the second trial, the Defendants returned to the same theme, *see* R. 355 at 105–09, and the jury again found in favor of the Defendants on all of the Plaintiffs' claims, R. 341.

Perhaps not willing to rely solely on the maxim that the "third time is the charm," the Plaintiffs moved to reopen discovery for ninety days and continue the third, fourth, and fifth trials.  R. 344.  They planned to use this additional discovery period to cure their non-disclosure of the photographs and coal dust samples so that they could introduce this evidence in the remaining trials.  R. 344 at 2.  For the following reasons, the Court denied their motion.  R. 349 at 1.  At that time, the Court also promised to memorialize its reasons for the denial in a written opinion, which follows below.

## DISCUSSION

District courts have considerable discretion to manage the discovery process, including "the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case."  *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (citing *Turnage v. Gen. Elec. Co.*, 953 F.2 206, 208–09 (5th Cir. 1992)).  And the Court must now exercise that power by refusing to reopen discovery in this case.  Five factors guide the Court's decision of whether to reopen or extend discovery: (1) when the Plaintiffs learned of the issue that is the subject of discovery; (2) how reopening discovery would affect the ruling at issue; (3) the length of the previous discovery period; (4) whether the Plaintiffs were dilatory; and (5) whether the Defendants were responsive to prior discovery requests.  *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 444–45 (6th Cir. 2011) (citing *Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir. 2006)).  Here, all but the second factor weigh against reopening discovery.

The Plaintiffs have known of the conditions on their property since the beginning of this lawsuit.  Indeed, these alleged conditions were what prompted them to sue the Defendants in the first place.  *Cf. Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d

1190, 1197 (6th Cir. 1995) (finding a moving party dilatory because it had knowledge of the specific evidence three weeks before the discovery deadline and it knew of the need for that type of evidence much earlier in discovery).  Indeed, the Defendants specifically asked the Plaintiffs to produce any photographs, videos, and other evidence that depicted the damage to their properties. *See* R. 271-2 at 10–11, 13.  Yet during the nine months of discovery from August 13, 2010, to May 16, 2011, *see* R. 13 at 2, the Plaintiffs did not turn over any of these photographs and coal dust samples, R. 344 at 2.  They have not explained why this discovery period—which was long enough for the parties to conduct nearly 100 depositions and gather expert reports, *see* R. 347 at 4—was nonetheless insufficient for the Plaintiffs to photograph the damage to their homes and collect samples of coal dust.  Nor do they claim that the Defendants were non-responsive to any of their discovery requests.  The first, third, fourth, and fifth factors therefore weigh against reopening discovery.

Of course, reopening discovery and permitting the Plaintiffs to cure their non-disclosure would change the Court's ruling excluding this evidence (assuming that the evidence is otherwise admissible).  But this factor, standing alone, is not enough to warrant reopening discovery.  If it were, then undisclosed evidence would never be excluded from trial because the Court could reopen discovery to permit disclosure.  This approach would reduce Rule 37's automatic exclusion of undisclosed evidence to an elaborate inkblot on the pages of the Federal Rules of Civil Procedure.

What's more, the consequences of resurrecting discovery in this case go far beyond cracking open the door to the discovery tomb, letting the parties in so that the Plaintiffs can turn over the evidence, and then hurrying everyone back out into the courtroom for trial.  If the Plaintiffs turn over coal dust samples, for example, then the Defendants may need to

invite experts to examine and report on the samples.  If the Plaintiffs turn over photographs, then each of the Plaintiffs with properties depicted in the photographs may need to be deposed again by the Defendants.  Soon enough, the discovery tomb will be quite crowded, and this séance with the spirits of discovery will be a more expensive and prolonged gathering than had the evidence been disclosed in the first place.  Allowing such prejudice to the Defendants and unnecessarily delaying trial would undermine the Court's duty to "secure the just, speedy, and inexpensive determination" of this case.  Fed. R. Civ. P. 1; *cf. Shane v. Bunzl Distr. USA, Inc.*, 275 F. App'x 535, 537 (6th Cir. 2008) (holding that attorney neglect does not satisfy the good cause standard necessary to modify discovery deadlines in a court's scheduling order).

The Plaintiffs proclaim that this outcome is unfair—that the "jury may not have gotten a truthful picture of the damages suffered by the Plaintiffs" without the photographs and coal dust samples.  R. 344 at 2.  The legal system, however, does not ferret out the truth at all costs.  Statutes of limitations block meritorious claims that are brought too late.  The Fifth Amendment protects witnesses from being forced to incriminate themselves.  The Speedy Trial Clause permits both guilty and innocent criminal defendants to go free if they are not tried quickly enough.  And the Federal Rules of Evidence often preclude the use of otherwise-relevant evidence.

Federal Rule of Civil Procedure 37(c)(1) is no different.  This rule generally prevents parties from surprising each other at trial with undisclosed evidence, regardless of its importance.  Because "the position in which the Plaintiffs now find themselves is a product of their own choices and those of their counsel," *Jackson v. Intern. Fiber Corp.*, 395 F. App'x 275, 280 (6th Cir. 2010) (quoting *Williams v. Vilsack*, 620 F. Supp. 2d 40, 51 (D.D.C.

2009)), they are not entitled to a do-over. *Accord Hussain v. Nicholson*, 435 F.3d 359, 364 (D.C. Cir. 2006) (affirming a district court's denial of a plaintiff's motion to reopen discovery to mitigate his former attorney's failure to conduct any discovery within the court's discovery schedule).

This the 22nd day of June, 2012.

Signed By:

*Amul R. Thapar* AT

United States District Judge